UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-20604-CR-ALTONAGA(s)

UNITED STATES OF AMERICA

vs.

POLIVIO MILTON ROSERO MERA,
    a/k/a "Leonidas,"

    Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and POLIVIO MILTON ROSERO MERA, a/k/a "Leonidas," (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count Two of the Superseding Indictment, which charges the defendant with conspiring with others to distribute more than five (5) kilograms of cocaine, knowing that it was to be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a)(2); all in violation of Title 21, United States Code, Section 963.

2. The United States agrees to dismiss all remaining counts at sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the

Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court must impose a minimum term of imprisonment of ten (10) years and may impose a statutory maximum term of imprisonment of up to life, followed by a minimum term of supervised release of five (5) years and up to life. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $10,000,000.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

PMRM

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States further agrees to recommend that the defendant be sentenced within his guideline range, as that range is determined by the Court. The United States, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to

committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(a) <u>Quantity of drugs</u>: That the quantity of controlled substance, cocaine, involved in the offense, for purposes of Section 2D1.1(a) and (c) of the Sentencing Guidelines is more than 450 kilograms;

(b) <u>Aggravating Role</u>: That for purposes of Section 3B1.1(c) of the United States Sentencing Guidelines, the defendant was an organizer, leader, manager, or supervisor during the course of the criminal conspiracy. As such, the defendant's offense level should be increased by two (2) levels.

9. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

Page 4 of **9**

10. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; and (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes.

11. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

12. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further

Page 5 of 9

*PMRM*

understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

13. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(a) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(b) The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(c) The defendant will not be permitted to withdraw the guilty plea to the count to which defendant hereby agrees to plea in the instant case.

14. The defendant knowingly and voluntarily agrees to the entry of a forfeiture money judgment against him at the time of his sentencing (hereinafter, the "Forfeiture Money Judgement"), which he agrees is a sum of money equal in value to property consisting, or derived from proceeds obtained by the defendant as the result of the violation to which he agrees to plead guilty herein, and the property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations.

15. The defendant knowingly and voluntarily agrees to waive his right to a hearing, pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), to determine the amount of the Forfeiture Money Judgment. Furthermore, the defendant knowingly and voluntarily agrees that he shall not, in any

manner, act in opposition to the United States in seeking entry and full satisfaction of the Forfeiture Money Judgment.

16. The defendant knowingly and voluntarily agrees to waive the following rights with respect to the forfeiture the entry of the Forfeiture Money Judgment against him:

(a) All constitutional, legal, and equitable defenses to such forfeiture;

(b) Any constitutional or statutory double jeopardy defense or claim regarding such forfeiture;

(c) Any claim or defense to such forfeiture brought or raised under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine; and

(d) Any right he may have to an appeal of any resulting order of forfeiture regarding the Personal Property and/or the Forfeiture Money Judgement.

17. The defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of illegal activities. Such assistance will involve the defendant's agreement to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

18. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afforded the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.

The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

19. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which

defendant is pleading guilty. Indeed, because the defendant is pleading guilty to the narcotics offense in the Superseding Indictment, removal is presumptively mandatory. The defendant knowingly and voluntarily consents to removal from the United States following completion of his sentence, waives any rights relating to any and all forms of relief from removal or exclusion, agrees to abandon any pending applications for such relief, and agrees to cooperate with the Department of Homeland Security during removal proceedings.

20. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings and this agreement supersedes any prior agreements, including any *Kastigar* letter agreements entered.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 7/9/2021    By: _____
JOSEPH M. SCHUSTER
ASSISTANT UNITED STATES ATTORNEY

Date: 7/9/21    By: _____
OSCAR ARROYAVE, ESQ.
ATTORNEY FOR DEFENDANT

Date: 06-30-21    By: _____
POLIVIO MILTON ROSERO MERA
DEFENDANT